IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GLORIA NICHOLS, Individually and As Administratrix
of the Estate of Clover Wright Thornton, deceased, and as
the Representative of the Wrongful Death Beneficiaries     PLAINTIFF

VERSUS                                CIVIL ACTION NO. 4:07CV1-P-B

COOPER TIRE & RUBBER COMPANY; MST
ENTERPRISES, INC. d/b/a SHELL RAPIDS LUBE, et al           DEFENDANTS

## ORDER AND FINAL PARTIAL JUDGMENT

This cause is before the Court on the plaintiff's Motion to Remand. The Court, having reviewed the motion, the response, the briefs of the parties, the authorities cited and being otherwise fully advised in the premises, finds as follows, to wit:

Plaintiffs filed this suit in the Circuit Court of Sunflower County on December 1, 2006. Defendants removed the suit to federal court on January 3, 2007. The jurisdictional basis for the removal was diversity of citizenship and the requisite amount in controversy. However, because the plaintiff is a Mississippi citizen, as is defendant, MST Enterprises, Inc., defendants necessarily relied on a fraudulent joinder theory to support the removal. Plaintiff filed a motion to remand. The matter has been fully briefed and the Court is ready to rule.

The Complaint alleges a right to recovery by plaintiff for the wrongful death of the decedent Clover Wright Thornton following a single vehicle accident on April 29, 2006 which allegedly occurred because the tread separated on the left rear tire of the 1997 Ford Explorer driven by Thornton. Counts one and two of the Complaint seek recovery against Cooper Tire on theories of

negligence and strict liability. Count three alleges negligence on the part of MST Enterprises based on that defendant's failure to detect and to warn the decedent of the defects in the tire on April 28, 2006 and/or on the other regular occasions on which Mst Enterprises serviced the vehicle in question..

Plaintiff's Motion to Remand focuses on the sufficiency of the pleadings to support her position that she has a reasonable possibility of recovery against MST Enterprises. She is correct that the Complaint states a claim against the nondiverse defendant. However, she is incorrect in her assertion that she has an arguable basis for recovery against said defendant, as demonstrated by the defendants' opposition to remand. The record clearly establishes that MST Enterprises did not service Thornton's vehicle on April 28, 2006. As a further matter, MST Enterprises did not "routinely" service the vehicle in question–the defendant last serviced Thornton's Ford Explorer on April 2, 2004–more than two years prior to the April 29, 2006 accident. Plaintiff offered nothing to refute the affidavit testimony and documentary evidence in support thereof. Clearly, any link between the April 2, 2004 servicing of the vehicle and the events of April 29, 2006 is too attenuated to afford a reasonable basis for recovery. Accordingly, the Court is left with no choice but to conclude that MST Enterprises is a defendant "having no real connection with the controversy" and that it has been "wrongfully brought into a controversy which did not concern [it]." Chesapeake & Ohio Railway Company v. Cockrell, 232 U.S. 146, 152-53, 58 L.Ed. 544, 34 S. Ct. 278 (1914). Accordingly, the plaintiff's motion is not well-taken and should be denied because the only nondiverse defendant, MST Enterprises, has been fraudulently joined for purposes of defeating diversity jurisdiction.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's Motion to Remand

is not well-taken and should be, and hereby is, DENIED.  IT IS FURTHER ORDERED that MST Enterprises should be, and hereby is, DISMISSED WITH PREJUDICE as a party defendant.  IT IS FURTHER ORDERED than a partial final judgment should be entered on behalf of MST Enterprises, as the Court finds there is no just reason for the delay of entry of said judgment

SO ORDERED, this the 28th day of August, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE